The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

LIGHTHOUSE RESOURCES INC.;
LIGHTHOUSE PRODUCTS, LLC; LHR
INFRASTRUCTURE, LLC; LHR COAL,
LLC; and MILLENNIUM BULK
TERMINALS-LONGVIEW, LLC,

                    Plaintiffs,

  vs.

JAY INSLEE, in his official capacity as
Governor of the State of Washington;
MAIA BELLON, in her official capacity as
Director of the Washington Department of
Ecology; and HILARY S. FRANZ, in her
official capacity as Commissioner of Public
Lands,

                    Defendants.

No.: 3:18-CV-05005-RJB

**MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS**

**(NOTE ON MOTION CALENDAR: APRIL 20, 2018 OR DATE TO BE SET BY COURT)**

## I.  INTRODUCTION

Amicus Curiae Cowlitz County, Washington ("County") respectfully moves the Court for leave to file the attached amicus curiae brief in opposition to the Defendants' (Jay Inslee, et al.) Motion for Partial Dismissal…and Motion for Abstention. (Dkt# 20)  A copy of County's proposed Brief is attached hereto as **Exhibit A** to this Amicus Motion.  County has notified the

COWLITZ COUNTY PROSECUTING ATTORNEY
Hall of Justice – Civil Division
312 SW 1st Avenue
Kelso, Washington 98626
(360) 577-3080  FAX (360) 414-9121

parties of its intentions to seek Amicus Curiae permission. For the parties who responded as of the time of filing, the Motion was supported by Plaintiffs, while the Defendants and Intervenor Earthjustice took no position on the motion at this time, reserving the right to file a response.

## II.    IDENTITY AND INTEREST IN AMICUS CURIAE

Cowlitz County is a political subdivision of the State of Washington, possessing those powers expressly conferred by the state constitution and state statutes, or reasonably or necessarily implied from such authority. *State ex rel. Taylor v. Superior Court*, 2 Wn.2d 575, 98 P.2d 985 (1940); AGO 1996 No. 17. County possesses statutory authority over land use development approvals within its jurisdictional boundaries under Washington State's Shorelines Management Act (SMA) and State Environmental Policy Act (SEPA), Chs. 90.58 and 43.21C RCW, respectively. In Washington, where state statutes and administrative regulations, or portions thereof, provide for a "general grant" of authority or a general "statutory direction", respectively, on counties, "unaccompanied by definite directions as to how the power is to be exercised, [this] implies the right and duty on the part of individual [county] officials to employ the means and methods necessary to comply with statutory requirements." *Smith v. Greene*, 88 Wn.2d 363, 372, 545 P.2d 550 (1976). In the context of these proceedings, the application of authority by county officials under state laws and regulations is colloquially and commonly, and hereunder referred to as 'local discretion'.

Although not a party to this action and not a recent participant in any third-party, federal proceeding, County nevertheless regularly seeks to participate in third-party, state proceedings where its public interests are involved. *See, e.g.*, State of Washington v. Robbie Lee Fitch, Cowlitz County Superior Court No. 17-1-00233-7 (spcl. appearance to quash subpoena on County district court) and Silva v. Morton, Cowlitz County Superior Court No. 16-2-01300-8 (limited appearance to oppose adjudication of septic tank operation without County health officer and department).

COWLITZ COUNTY PROSECUTING ATTORNEY
Hall of Justice – Civil Division
312 SW 1st Avenue
Kelso, Washington 98626
(360) 577-3080   FAX (360) 414-9121

1    In order to fully represent its authority and 'local discretion' in these proceedings,

2    regardless of the extent such representations may necessarily be in opposition with the

3    Defendants representations and arguments in their Motion, the County has both a governance

4    interest and a statutory interest in apprising the Court of such matters.

5                    **III.    REASONS WHY MOTION SHOULD BE GRANTED**

6          A federal District court will accept amicus briefs from non-parties "concerning legal issues

7    that have potential ramifications beyond the parties directly involved or if the amicus has

8    'unique information or perspective that can help the court beyond the help that the lawyers for

9    the parties are able to provide.'" *Skokomish Indian Tribe v. Goldmark*, 2013 WL 5720053, at

10   *1 (W.D. Wash. 2013) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.

11   Supp. 2d 1061, 1067 (N.D. Cal. 2005)).  The role of an amicus from an informative, non-party

12   is to assist the Court "in cases of general public interest by making suggestions to the court, by

13   providing supplementary assistance to existing counsel, and by insuring a complete and plenary

14   presentation of difficult issues so that the court may reach a proper decision." *Newark Branch,*

15   *N.A.A.C.P. v. Harrison*, 940 F.2d 792, 808 (3d Cir. 1991).  The Court has "broad discretion" to

16   appoint amicus curiae. *Skokomish Indian Tribe*, 2013 WL 5720053, at *1 (citation omitted).

17         The Court should exercise its discretion to permit County to file the attached amicus brief.

18   County only recently, anecdotally became aware of Defendant's Motion, and its statements and

19   arguments regarding County's authority and 'local discretion' in these matters.  Given the

20   many overlaps and involvements in county proceedings and authority attendant to Defendants'

21   regulation of and interactions with Plaintiffs over many years, counsel for County is familiar

22   with the narratives and arguments (to be) presented by the parties and will not unduly repeat

23   such narratives or arguments. Instead, County will draw upon its own interests and knowledge

24   to both clarify and counter County's involvements and 'local discretion' as represented in

25   Defendants' Motion, and which will serve to illustrate potential, negative consequences of

26   adjudicating the Motion absent the Court's allowance of the County's briefing.

COWLITZ COUNTY PROSECUTING ATTORNEY
Hall of Justice – Civil Division
312 SW 1st Avenue
Kelso, Washington  98626
(360) 577-3080   FAX (360) 414-9121

### IV.   CONCLUSION

For these reasons, County respectfully requests that the Court grant it leave to file the amicus brief attached as Exhibit A.

DATED this 6th day of April, 2018.

RYAN JURVAKAINEN, Prosecuting Attorney

*/s/  Douglas E. Jensen*
DOUGLAS E. JENSEN, WSBA #20127
Chief Civil Deputy-Attorney for County

Cowlitz County Prosecuting Attorney
Hall of Justice – Civil Division
312 SW 1ST Avenue
Kelso, Washington  98626
Telephone      360-577-3080
Fax                360-414-9121
Email             jensend@co.cowlitz.wa.us

*4  -  Cowlitz County's Motion for Leave to File*
*Amicus Curiae Brief–(3:18-cv-05005-RJB)*

COWLITZ COUNTY PROSECUTING ATTORNEY
Hall of Justice – Civil Division
312 SW 1ST Avenue
Kelso, Washington  98626
(360) 577-3080   FAX (360) 414-9121

CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel/parties of record:

• Edward D. Callow
tedc@atg.wa.gov, RESOlyEF@atg.wa.gov

• Laura J. Watson, Harold L. Overton, Thomas Young
LauraW2@atg.wa.gov, LeeO1@atg.wa.gov, TomY@atg.wa.gov,
ECYOLYEF@atg.wa.gov, TeresaT@atg.wa.gov, daniellef@atg.wa.gov,

• Kathryn K. Floyd, Jay C Johnson
kkfloyd@venable.com, lswatson@venable.com, jcjohnson@venable.com,
dpace@venable.com, dpace@venable.com, krobisch@venable.com,
mkfawal@venable.com, dclitigation@venable.com, alcrawford@venable.com,

• Bradley B. Jones
bjones@gth-law.com, gdowns@gth-law.com, dwilliams@gth-law.com,
sstevens@gth-law.com,

• Kristen L. Boyles, Marisa C Ordonia
kboyles@earthjustice.org, jhasselman@earthjustice.org, mordonia@earthjustice.org
cmcevoy@earthjustice.org, pkamath@earthjustice.org, apatel@earthjustice.org,
marisa.ordonia@earthjustice.org, hmurphy@earthjustice.org

• Robert M. McKenna, Adam N. Tabor
rmkenna@orrick.com, hbond@orrick.com, lpeterson@orrick.com, atabor@orrick.com

• James M. Lynch, Barry M. Hartman
jim.lynch@klgates.com, ethan.morss@klgates.com, klgateseservice@klgates.com,
barry.hartman@klgates.com,

SIGNED this 6th day of April, 2018, in Kelso, WA.

/s/  Douglas Jensen
DOUGLAS JENSEN, WSBA #20127
Chief Civil Deputy-Attorney for County
Cowlitz County Prosecuting Attorney
360-577-3080
jensend@co.cowlitz.wa.us

*5  -  Cowlitz County's Motion for Leave to File
Amicus Curiae Brief–(3:18-cv-05005-RJB)*

COWLITZ COUNTY PROSECUTING ATTORNEY
Hall of Justice – Civil Division
312 SW 1st Avenue
Kelso, Washington  98626
(360) 577-3080   FAX (360) 414-9121