# EXHIBIT A

The Honorable Robert J. Bryan

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **WESTERN DISTRICT OF WASHINGTON**

10                              **AT TACOMA**

11   LIGHTHOUSE RESOURCES INC.;              No.: 3:18-CV-05005-RJB
     LIGHTHOUSE PRODUCTS, LLC; LHR
12   INFRASTRUCTURE, LLC; LHR COAL,          **BRIEF OF AMICUS CURIAE**
     LLC; and MILLENNIUM BULK                **COWLITZ COUNTY IN**
13   TERMINALS-LONGVIEW, LLC,                **OPPOSITION OF DEFENDANTS'**
                                             **MOTION TO DISMISS AND**
14                           Plaintiffs,     **MOTION FOR ABSTENTION**

15       vs.

16   JAY INSLEE, in his official capacity as
     Governor of the State of Washington;
17   MAIA BELLON, in her official capacity as
     Director of the Washington Department of
18   Ecology; and HILARY S. FRANZ, in her
     official capacity as Commissioner of Public
19   Lands,

20                           Defendants.

21                    **I.    INTRODUCTION**

22       Defendants' rendition of the underlying facts of proceedings involving Amicus Curiae

23   County comport with County's position in these proceeding by stating "[p]laintiffs (hereinafter

24   Millennium) seek to build a coal export terminal in Longview, Washington."  Dkt# 20, ¶ I, 1 at

25   2-3.  Thereafter, Defendants' and County's factual understandings diverge.   Defendants'

26   statements that "[m]ultiple state and local decision-makers have denied necessary approvals for

---

*1 - Brief of Amicus Curiae Cowlitz County in*
     *Opposition to Motion–(3:18-cv-05005-RJB)*          Hall of Justice – Civil Division
                                                         312 SW 1ˢᵗ Avenue
                                                         Kelso, Washington  98626
                                                         (360) 577-3080   FAX (360) 414-9121

the project for various reasons, including inability to meet the requirements of state and federal

law…and the existence of several significant adverse environmental impacts that would result

from the project" is accurate only in part.  As set forth in its SHB Petition (Exhibit 1, County's

**Petition for Review**, p,3 21-26, p.4 1-5), County concluded the Examiner's denials were:

> . . . an unlawful and unjust application of the facts and evidence submitted at hearing on
> the Application, and unlawful and unjust application of the Cowlitz County Shoreline
> Master Program ("SMP") and the Shoreline Management Act ("SMA"). The Decision
> was unlawful and unjust because it contains a clearly erroneous application of the State
> Environmental Policy Act ("SEPA") and SMA and implementing regulations, fails to
> analyze the Application for consistency with the SMP, is outside of the scope of
> authority provided in the SMA, fails to fully consider and evaluate the facts and
> evidence presented at hearing, and is arbitrary and capricious. Finally, Petitioner is
> aggrieved by the Decision of the Hearing Examiner which conflicts with Petitioner's
> interpretations and applications of its shoreline permitting and its SMP, and which
> misapplies and erroneously applies Petitioner's interpretation and application of SEPA.

See also, the statements in County's **Joinder of Summary Judgment Motion**:

> County staff of the Department of Building and Planning is tasked with evaluating a
> [Shoreline Substantial Development Permit] SSDP and [Conditional Use Permit] CUP
> proposal under [Cowlitz County Code] CCC 19.20.020, and the Director, specifically, is
> tasked under local code with "determin[ing] whether the information submitted meets
> the requirements of WAC 173-27-180, Application requirements for substantial
> development, conditional use, or variance permit, RCW 90.58.140 . . .". As addressed in
> the attached Staff Report, Exhibit County-1, County staff and the department Director
> expressly and specifically reviewed the proposal under the County's Shoreline Master
> Program (SMP).

[Exhibit 2, County's **Joinder, ¶**2 ("The Hearing Examiner Failed to Analyze…"), p.3 3-9].

And finally, see County's **Response to Ecology's Motion for Summary Judgment**:

> As set forth in the attached Declaration of Elaine Placido, the County would challenge
> Ecology's interpretation of the FEIS and staff presentation of the SMP…Although
> Ecology willingly conceded that the " . . . [F]EIS is not on trial . . . " [fn omitted], it
> nevertheless reconstituted and restated the content of that document (see, Wolfman Dec,
> cited in Ecology's Motion) in such harsh contrast to the plain wording of the document,
> and the interpretations and understandings of its co-lead agency in its staff report (see,
> Placido Dec., at 3-5) so as to place the FEIS before this Board to adjudicate a
> divergence in wording, interpretations and understandings of the FEIS as it applied to
> the Hearing Examiner's decision, and Issues 1-9 of the Board's Prehearing Order.

*2 - Brief of Amicus Curiae Cowlitz County in Opposition to Motion–(3:18-cv-05005-RJB)*

COWLITZ COUNTY PROSECUTING ATTORNEY
Hall of Justice – Civil Division
312 SW 1st Avenue
Kelso, Washington 98626
(360) 577-3080  FAX (360) 414-9121

1    [Exhibit 3, County's **Response**, ¶1 ("Challenged Representations and Mischaracterizations

2    Renders Arguments Presented by Ecology Inadequate for Summary Judgment."), p.2 16-22,

3    p.3. 1-6].  In sum, the County as a "local decision maker" has consistently argued that its 'local

4    discretion' was disregarded by the Hearing Examiner, based in part on representations and

5    mischaracterizations of the state agencies, that were then carried over before the Shorelines

6    Hearings Board.  While Defendants have alleged a "false narrative" by the Plaintiffs in

7    furtherance of their arguments (Dkt# 20, at 9), similar assertions were previously raised by the

8    County in state proceedings regarding Ecology.  See, above and Exhibit 3.

## II.   IDENTITY AND INTEREST IN AMICUS CURIAE

10       Cowlitz County is a political subdivision of the State of Washington, possessing those

11   powers expressly conferred by the state constitution and state statutes, or reasonably or

12   necessarily implied from such authority.  *State ex rel. Taylor v. Superior Court*, 2 Wn.2d 575,

13   98 P.2d 985 (1940); AGO 1996 No. 17.  County possesses statutory authority over land use

14   development approvals within its jurisdictional boundaries under Washington State's

15   Shorelines Management Act (SMA) and State Environmental Policy Act (SEPA), Chs. 90.58

16   and 43.21C RCW, respectively.  In Washington, where state statutes and administrative

17   regulations, or portions thereof, provide for a "general grant" of authority or a general

18   "statutory direction", respectively, on counties, "unaccompanied by definite directions as to

19   how the power is to be exercised, [this] implies the right and duty on the part of individual

20   [county] officials to employ the means and methods necessary to comply with statutory

21   requirements."  *Smith v. Greene*, 88 Wn.2d 363, 372, 545 P.2d 550 (1976).  In the context of

22   these proceedings, the application of authority by county officials under state laws and

23   regulations is colloquially and commonly, and hereunder referred to as 'local discretion'.

24       As previously addressed by the County, as recognized (and unopposed) before the

25   Shorelines Hearings Board (SHB) proceedings on these matters, the County was and is a proper

26

*3  -  Brief of Amicus Curiae Cowlitz County in
     Opposition to Motion–(3:18-cv-05005-RJB)*

party to separately challenge the final decision of an independent Hearing Examiner[1] and

defend County's legislative and administrative, interpretations and applications of its laws and

permitting. [2]  See, Cowlitz County Code 2.05 (Hearing Examiner):

> **CCC 2.05.060 – Reconsideration and appeal**
> A. *Any aggrieved person or agency who disagrees with the decision of the Examiner* may make a written request for reconsideration…***
> C. Except as otherwise provided, *an Examiner's decision* shall be final and conclusive, and *may be reviewable* [under any code, statute or regulation], as shall thereto be applicable. (*Emphasis added*).

Also noteworthy is that Defendants, in their Motion (Dkt# 20 at 12, 14, 21, 25, FN6, 31),

represent the local Shorelines decisions solely as "the County's denial"—treating County's

separate Petition and challenges of these denials as a Soviet-era 'unperson'.[3]  While Defendants

"do not concede" (Dkt# 20 at 25, FN6) that Plaintiffs can address these denials (and decline to

argue they cannot) without 'the County' as a necessary party [4], Defendants fail to factually

address their representations of 'the denial'.

   For purposes of state court proceedings, the County regularly seeks to participate as a third-

party in state proceedings where its authority, regulations and public interests are involved.

*See, e.g.*, <u>State v. Fitch</u>, Cowlitz Superior Court No. 17-1-00233-7 (spcl. appearance to quash

---

[1] Dkt# 1-3; Mark C. Scheibmeir, Hearing Examiner, 299 N.W. Center St., Chehalis, Lewis County, WA.

[2] See also, e.g., *City of Gig Harbor v. North Pacific Design, Inc.*, 149 Wn.App. 159, *rev.den.* 166 Wn.2d 1037 (2009) (City appealed its Hearing Examiner approval (CUP); *In re King Cty Hrg Exmnr*, 135 Wn.App. 312 (Div 1, 2006) (County wastewater division could challenge authority of County Hearing Examiner to conduct SEPA appeal of environmental group); *Palmer Coking Coal Co. v. City of Newcastle,* 2005 WL 583698 at *5, *rev. den.* 156 Wn.2d 1002 (2006) (Developer argued City, and not Examiner issued final decision re: 'vesting'. "In determining whether a land use decision is clearly erroneous, the reviewing court must [determine and defer to] the highest forum below that exercised fact-finding authority. In this case, that is the hearing examiner."); *City of University Place v. McGuire,* 102 Wn.App. 658 (2000) (City appealed the City Hearing Examiner's reversal of the City's administrative denial of a permit).

[3] "World: <u>Becoming an Unperson</u>". TIME  Vol. 85, No. 4.  Jan. 22, 1965.  "Eight million Russians received a new 'April 17' in the mails last week, with a succinct instruction to insert it in their official Communist Party calendars for 1965. The new date was nothing like the old. Gone was the photo of the bald head, the round face unsmiling above the five medals, the six-line biography describing his rise to Chairman of the Council of Ministers and First Party Secretary. Even the fellow's inspirational quote on the back gave way to an anonymous poem praising party modesty. Thus, by having his birthday wiped from the state calendar, did Nikita Sergeevich Khrushchev become an 'unperson'."

[4] See also, Dkt# 20 at 12: "While the County was not named as a defendant in the present case, Millennium seeks relief against it in the form of a declaration that its denial of the shoreline permits . . ."

*4  -  Brief of Amicus Curiae Cowlitz County in
      Opposition to Motion–(3:18-cv-05005-RJB)*

COWLITZ COUNTY PROSECUTING ATTORNEY
Hall of Justice – Civil Division
312 SW 1st Avenue
Kelso, Washington  98626
(360) 577-3080   FAX (360) 414-9121

subpoena on district court), and <u>Silva v. Morton</u>, Cowlitz Superior Court No. 16-2-01300-8 (limited appearance to oppose adjudication of septic system dispute without County health officer and department).

In order to fully represent the nature of its authority and 'local discretion' under discussion in these proceedings, regardless of the extent such representations may necessarily be in opposition with the Defendants representations and arguments in their Motion, the County has both a governance interest and a statutory interest in apprising the Court of such matters.

### III.   ARGUMENT

As previously noted, a federal District court benefits from accepting amicus briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Skokomish Indian Tribe v. Goldmark*, 2013 WL 5720053, at *1 (W.D. Wash. 2013) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)).  The role of an amicus from an informative, non-party is to assist the Court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Harrison*, 940 F.2d 792, 808 (3d Cir. 1991).  In the present case, the Court must decide, in part, whether there is merit to the Defendants' summary assertions that Plaintiffs allegations "rest[ ] on the false narrative" that state decision-makers are motivated by animus against coal" (Dkt# 20, at 9), while alluding to, but not factually vetting 'the County' as such decision-maker with such animus.

### A.   Disagreements Over the Draft and Final Environmental Impact Statements and Local and State Permit Reviews.

As discussed in Exhibit 3 to the *Declaration of Douglas Jensen in Support of Amicus Curiae*,  County and the Plaintiffs' state Department of Ecology (Ecology) served as co-lead

1   agencies under the State Environmental Policy Act, and jointly prepared and approved for

2   issuance a Draft EIS (DEIS) on April 30, 2016. County and Ecology then jointly prepared and

3   approved issuance of a Final EIS (FEIS) that included responses to each comment received on

4   the Draft EIS to satisfactorily address all of the substantive responses and questions received.

5   See, Dkt# 1, ¶72, FN7.  Cowlitz County Code (CCC) required an appeal of the adequacy of the

6   FEIS be filed by August 18, 2017, under CCC 19.11 (per Ch. 43.21C RCW). BNSF Railway

7   Co. filed a precautionary appeal on May 12, 2017, but then withdrew its appeal on August 24th.

8   MBT-L issued a Notice of Action under RCW 43.21C.080, which established a deadline for

9   appealing the FEIS. No other FIES appeal was filed, which remained as jointly written and

10   approved by County and Ecology.  As set forth in Exhibit 1 to the *Declaration of Douglas*

11   *Jensen in Support of Amicus Curiae*, at p.3, ¶6-b, 11-13, the County, separately approved a

12   Critical Areas Permit (CAP) for coal terminal project on July 19, 2017. CAP was not appealed.

13   Despite being co-lead agencies in creating the DEIS and FEIS, and following Ecology's

14   representations of those documents in state proceedings, County and Ecology now differently

15   read the SEPA documents.  Again, as discussed in Exhibit 3 to the *Declaration*, containing the

16   statements of County's SEPA, 'responsible official', the County has challenged recent Ecology

17   recitations of FIES contents and meanings in state proceedings.  That County official has taken

18   additional umbrage at Ecology's attempts to utilize a local, health assessment project associated

19   with the coal terminal its castigation of the project under SEPA-EIS, even though the

20   assessment project goals expressly state that it was to be uses as a broader, preliminary

21   examination of area wide health and quality of life which could draw upon the FEIS

22   information, but was not intended to supplant or expand upon the FEIS.

23   ## IV.   CONCLUSION

24   Defendants have failed in their Motion to adequately discuss or to express the County's

25   challenges and disagreements over the positions and actions of Ecology in local permitting. For

26   these reasons, County believes there is an overriding public interest for the Court understanding

*6  -  Brief of Amicus Curiae Cowlitz County in*
*Opposition to Motion–(3:18-cv-05005-RJB)*

Cowlitz County Prosecuting Attorney
Hall of Justice – Civil Division
312 SW 1st Avenue
Kelso, Washington  98626
(360) 577-3080   FAX (360) 414-9121

1   that there are countervailing facts and rejoinders brought forward in the County's Amicus

2   briefing, associated with the Plaintiffs' challenges and Defendants' responses, which are

3   relevant to this Court's review of Defendants' Motion.

4                                DATED this 6th day of April, 2018.

5                                           RYAN JURVAKAINEN, Prosecuting Attorney

6

7                                           */s/  Douglas E. Jensen*
                                            DOUGLAS E. JENSEN, WSBA #20127

8                                           Chief Civil Deputy-Attorney for County

9                                           Cowlitz County Prosecuting Attorney
                                            Hall of Justice – Civil Division

10                                          312 SW 1st Avenue
                                            Kelso, Washington  98626

11                                          Telephone      360-577-3080
                                            Fax            360-414-9121

12                                          Email          jensend@co.cowlitz.wa.us

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*7  -  Brief of Amicus Curiae Cowlitz County in
    Opposition to Motion–(3:18-cv-05005-RJB)*

COWLITZ COUNTY PROSECUTING ATTORNEY
Hall of Justice – Civil Division
312 SW 1st Avenue
Kelso, Washington  98626
(360) 577-3080   FAX (360) 414-9121

1

The Honorable Robert J. Bryan

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

10

11   LIGHTHOUSE RESOURCES INC.;
     LIGHTHOUSE PRODUCTS, LLC; LHR
12   INFRASTRUCTURE, LLC; LHR COAL,
     LLC; and MILLENNIUM BULK
13   TERMINALS-LONGVIEW, LLC,

14                          Plaintiffs,

15      vs.

16   JAY INSLEE, in his official capacity as
     Governor of the State of Washington;
17   MAIA BELLON, in her official capacity as
     Director of the Washington Department of
18   Ecology; and HILARY S. FRANZ, in her
     official capacity as Commissioner of Public
19   Lands,

20                          Defendants.

No.: 3:18-CV-05005-RJB

DECLARATION OF DOUGLAS
JENSEN IN SUPPORT OF
COUNTY'S AMICUS CURIAE
BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION FOR
PARTIAL DISMISSAL AND
MOTION FOR ABSTENTION

21

22      I, DOUGLAS JENSEN, declare under penalty of perjury the following is true and correct:

23      1.  I am now and was at all times material herein a citizen of the United States, a resident of

24   the State of Washington, over the age of eighteen years, competent to make this Declaration,

25   and have personal knowledge of the facts and documents referenced in this Declaration.

26      2.  I am of the attorneys for in the above-captioned case. Amicus Curiae Cowlitz County,

*1  -  Declaration of Douglas Jensen, RE: County's*
*Amicus Curiae Brief–(3:18-cv-05005-RJB)*

Washington ("County") in the above-captioned matter.

3.  Attached as Exhibit 1 to this Declaration is a true and correct copy of County's **Petition for Review** *(without attached exhibits)*, dated December 7, 2017, filed with the Shorelines Hearing Board (SHB), and captioned *COWLITZ COUNTY vs. COWLITZ COUNTY HEARING EXAMINER, the Local Government entity with administrative jurisdiction in the matter of Shoreline Permit Application No. 17-0992, and MILLENNIUM BULK TERMINALS-LONGVIEW, LLC and STATE OF WASHINGTON, DEPARTMENT OF ECOLOGY*, SHB No. 17-018.   The County's Petition was consolidated by SHB as *Millennium Bulk Terminals-Longview et al. v. Cowlitz Cty Hrg Examiner, et al.*, under SHB No. 17-017c, with the separate filing in SHB No. 17-017 of Millennium Bulk Terminals-Longview, LLC (Plaintiff in the present case),

4.  Attached as Exhibit 2 to this Declaration is a true and correct copy of County's **Joinder of Millennium Bulk Terminals-Longview, LLC's Motion for Summary Judgment and Request for Remand**, (*without attached Declaration or exhibit*), filed on January 26, 2018, under SHB No. 17-017c

5.  Attached as Exhibit 3 to this Declaration is a true and correct copy of County's **Response to Dept. of Ecology's Motion for Summary Judgment** and **Declaration of Elaine Placido in Support of County's Response,** filed on February 9, 2018, in SHB No. 17-017c.

DATED this 6th day of April, 2018, in Kelso, Washington.


*/s/  Douglas E. Jensen*
DOUGLAS E. JENSEN, WSBA #20127
Chief Civil Deputy-Attorney for County
Cowlitz County Prosecuting Attorney

*2  -  Declaration of Douglas Jensen, RE: County's Amicus Curiae Brief–(3:18-cv-05005-RJB)*

# EXHIBIT 1

1
2
3
4
5
6
7               BEFORE THE SHORELINES HEARINGS BOARD

8                      OF THE STATE OF WASHINGTON

9    COWLITZ COUNTY, a political subdivision
     of the state of Washington,
10                              Petitioner,

11           v.

12   COWLITZ COUNTY HEARING EXAMINER,      No.
     the Local Government entity with administrative
13   jurisdiction in the matter of Shoreline Permit
     Application No. 17-0992,                    **PETITION FOR REVIEW**
14
15           and

16   MILLENNIUM BULK TERMINALS-
     LONGVIEW, LLC and STATE OF
17   WASHINGTON, DEPARTMENT OF
     ECOLOGY,
18                              Respondents.

19        Pursuant to RCW 90.58, WAC 173-27 and WAC 461-08, Cowlitz County ("Petitioner" and

20   "County") submits the following Petition for Review of action by the Cowlitz County Hearing

21   Examiner in the matter of Shoreline Permit Application No. 17-0992.

22
        **1.   Name and Address of Petitioner.**  Petitioner is Cowlitz County, mailing address:
23               Cowlitz County
                 c/o Elaine Placido, Dir.
24               Department of Building & Planning
                 207 4th Ave N
25               Kelso, WA 98626
                    (360) 577-3052
26

     1  -  COUNTY'S PETITION FOR REVIEW

1   **Petitioner's Representative:**
2       Douglas E. Jensen
        Chief Civil Deputy
3       Cowlitz County Prosecutor
        312 SW 1st Ave
4       Kelso, WA 98626
            *jensend@co.cowlitz.wa.us*

5   **2.   Identification of Parties and Agencies.**  The name and address:

6   **Applicant:**
7       Millennium Bulk Terminals – Longview, LLC
        4029 Industrial Way
8       P.O. Box 2098
        Longview, WA 98623

9   **Applicant's Representative:**
10      Craig S. Trueblood        Jonathan K. Sitkin
        Ankur Tohan               CHMELIK SITKIN PS
11      K&L GATES LLP             1500 Railroad Ave.
        925 4th Ave, Ste 2900     Bellingham, WA 98225
        Seattle, WA 98104
12

13  **Permitting Entity/Authority:**
14      Mark C. Scheibmeir
        Cowlitz County Hearing Examiner
15      299 NW Center St
        P.O. Box 939
16      Chehalis, WA 98532
            (360) 748-3386

17

18  **Attorney General:**
        Washington State Attorney General
19      1125 Washington Street SE
        PO Box 40100
20      Olympia, WA  98504-0100

21

22  **Department:**
        Washington State Department of Ecology

23      Physical address –
            300 Desmond Dr SE
24          Lacey, WA 98503

25      Mailing address –
            P.O. Box 47600
26          Olympia, WA 98504-7600

2  -  COUNTY'S PETITION FOR REVIEW

3. **Additional Interested Parties to Hearing Examiner Decision.** **N**ame and address:

**Columbia Riverkeeper**, and Friends of the Columbia Gorge, Climate Solutions, Sierra Club, Washington Environmental Council, Greenpeace USA, Association of Northwest Steelheaders, Northern Plains Resource Council, Oregon Physicians for Social Responsibility, and Western Organization of Resource and Councils, collectively joined as "Columbia Riverkeeper" or "Riverkeeper"

Columbia Riverkeeper.
c/o Earthjustice
Janette Brimmer
705 Second Ave  Ste 203
Seattle, WA 98104
(360) 343-7340

4. **Identification of Application Decision on Appeal.**  Petitioner seeks review of the Cowlitz County Hearing Examiner "Findings of Fact, Conclusions of Law and Decision Denying Permits ("Decision") entered on November 14, 2017, denying Shoreline Permit Application No. 17-0992 ("Application"), filed by the applicant, Millennium Bulk Terminals – Longview, LLC ("MBTL") in 2012.  The Cowlitz County Hearing Examiner is the local government entity with administrative jurisdiction in the matter of Shoreline Permit Application No. 17-0992, pursuant to Chs. 2.05 and 19.20 of the Cowlitz County Code.  A true copy of the Hearing Examiner Decision is attached hereto as Exhibit - 1, and incorporated herein.  In accordance with WAC 461-08-305, the date of filing was November 20, 2017, upon receipt by the Department of Ecology ("Ecology").   A true copy of acknowledgement of receipt is attached hereto as Exhibit – 2.

5. **Statement of Grounds of Petitioner for Appeal.**

The Decision of the Hearing Examiner constitutes an unlawful and unjust application of the facts and evidence submitted at hearing on the Application, and unlawful and unjust application of the Cowlitz County Shoreline Master Program ("SMP") and the Shoreline Management Act ("SMA").  The Decision was unlawful and unjust because it contains a clearly erroneous application of the State Environmental Policy Act ("SEPA") and SMA and implementing regulations, fails to analyze the Application for consistency with the SMP, is outside of the

3 - COUNTY'S PETITION FOR REVIEW

1   scope of authority provided in the SMA, fails to fully consider and evaluate the facts and

2   evidence presented at hearing, and is arbitrary and capricious. Finally, Petitioner is aggrieved

3   by the Decision of the Hearing Examiner which conflicts with Petitioner's interpretations and

4   applications of its shoreline permitting and its SMP, and which misapplies and erroneously

5   applies Petitioner's interpretation and application of SEPA.

6       **6. Statement in Support of Grounds of Petitioner for Appeal**

7        a. In 2012, MBTL submitted the named-application for a Shoreline Substantial

8   Development Permit to construct and operate a Coal Export Terminal ("Project") and a

9   Shoreline Conditional Use Permit for dredging associated the Project.

10      b.   A Final EIS ("FEIS") was issued by co-lead agencies, County and the Washington State

11  Department of Ecology ("Ecology"), for the Project on April 28, 2017.   The FEIS was not

12  appealed.   A Critical Areas Permit ("CAP") was issued by the County for the Project on July

13  19, 2017.   The CAP was not appealed.

14      c.   The Project is to be located at a former heavy industrial property of Reynolds Metals at

15  4029 Industrial Way, Longview in Cowlitz County, Washington ("Site").

16      d.   The Site is designated as "urban shoreline environment" under the SMP, with access to

17  interstate railway and a navigable Columbia River.   The SMP allows for industrial uses as

18  proposed in the above-cited permits applied for within this urban shoreline designation.

19      e.   The Project is a water-related, industrial use allowed within this shoreline designation.

20      f.   No improvements to the interstate railway system are necessary under the above-cited

21  permits as applied for the Project, contrary to the findings and conclusions in the Decision.

22      g.   No improvements to the Columbia River Navigation Channel ("Channel") are necessary

23  under the above-cited permits as applied for the Project, contrary to the findings and

24  conclusions in the Decision.

25      h.   Dredging of berth areas and an approach channel are necessary for the Project under the

26  above-cited permits as applied for to access the Channel.   Dredging will occur within

4  -  COUNTY'S PETITION FOR REVIEW

designated urban shoreline, will not interfere with normal public use of this shoreline, is not detrimental to the public interest and will not adversely affect the shoreline environment.

**7. Request for Relief.**

County requests this Board find unlawful and unjust and set aside the Decision of the Hearing Examiner, and that the Board grant the above-cited permits as applied for the Project, with such conditions and such other relief as determined reasonable, fair and just by the Board.

.       Respectfully submitted this 7th day of December, 2017.

RYAN JURVAKAINEN, Prosecuting Attorney

/s/ *Douglas E. Jensen*
DOUGLAS E. JENSEN, WSBA #20127
Chief Civil Deputy- Attorney for County

## DECLARATION OF SERVICE

I, NICK LITTLE, do certify and declare as follows:

1. I am a competent person over the age of 18 years, and not a party to this action.

2. I am an employee of petitioner Cowlitz County and caused true and correct copies of:

    a)  County's Petition for Review and Declaration of Service,

to be delivered to the following parties and entities per WAC 461-08-355, on the date below:

| | |
|---|---|
| **Shorelines Hearings Board** | By messenger delivery |
| Environmental and Land Use Hearings Office | |
| 1111 Israel Rd. SW, Suite 301 | |
| Tumwater, WA 98501 | |
| pchb-shbappeals@eluho.wa.gov | By Email |
| | |
| **Cowlitz County Hearing Examiner** | By First Class mail |
| Mark C. Scheibmeir | |
| P.O. Box 939 | |
| Chehalis, WA 98532 | |
| | |
| **Washington State Department of Ecology** | By First Class mail |
| P.O. Box 47600 | |
| Olympia, WA 98504-7600 | |

5  -  COUNTY'S PETITION FOR REVIEW

| | |
|---|---|
| **Washington State Office of Attorney General** | By First Class mail |
| PO Box 40100 | |
| Olympia, WA  98504-0100 | |
| **Millennium Bulk Terminals – Longview, LLC** | By First Class mail |
| P.O. Box 2098 | |
| Longview, WA 98623 | |
| | |
| **K&L GATES LLP** | By First Class mail |
| Craig S. Trueblood | |
| Ankur Tohan | |
| 925 4th Ave, Ste 2900 | |
| Seattle, WA 98104 | |
| | |
| **CHMELIK SITKIN PS** | By First Class mail |
| Jonathan K. Sitkin | |
| 1500 Railroad Ave. | |
| Bellingham, WA 98225 | |
| | |
| **Columbia Riverkeeper, et al.** | By First Class mail |
| Janette Brimmer | |
| Earthjustice | |
| 705 Second Avenue, Suite 203 | |
| Seattle, WA  98104 | |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.  Signed at Kelso WA on the 7th day of December, 2017.

/s/ Nick Little
_____
NICK LITTLE

6 -  COUNTY'S PETITION FOR REVIEW

EXHIBIT 2

1

2

3

4

5

6

7                         BEFORE THE SHORELINES HEARINGS BOARD
                             OF THE STATE OF WASHINGTON

8

| | |
|---|---|
| 9   MILLENNIUM BULK TERMINALS —<br>10   LONGVIEW, LLC,<br><br>                        Petitioner,<br>11<br>      v.<br>12<br>   COWLITZ COUNTY, WASHINGTON<br>13  DEPARTMENT OF ECOLOGY, ET AL.,<br><br>                    Respondents. | SHB No. 17- 017c<br><br><br>**COWLITZ COUNTY'S<br>JOINDER OF PETITIONER<br>MILLENNIUM BULK<br>TERMINALS-LONGVIEW'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND REQUEST<br>FOR REMAND** |
| 14<br>15  COWLITZ COUNTY, a political<br>   subdivision of the state of Washington,<br>16<br>                    Petitioner,<br>17<br>   COWLITZ COUNTY HEARING<br>18  EXAMINER, the Local Government entity<br>   with administrative jurisdiction in the matter<br>19  of Shoreline Permit Application No. 17-<br>   0992,<br>20<br>     and<br>21<br>   MILLENNIUM BULK TERMINALS-<br>22  LONGVIEW, LLC and STATE OF<br>   WASHINGTON, DEPARTMENT OF<br>23  ECOLOGY,<br><br>24                  Respondents. | |

25

26

| | |
|---|---|
| 1 -    COWLITZ COUNTY'S JOINDER OF MBTL'S<br>        MOTION FOR SUMMARY JUDGMENT AND<br>        REQUEST FOR REMAND | Cowlitz County Prosecuting Attorney<br>Hall of Justice<br>312 SW 1st Avenue<br>Kelso, Washington  98626<br>(360) 577-3080   FAX (360) 414-9121 |

COMES NOW, petitioner Cowlitz County (County), and hereby motions the Shorelines

Hearings Board (Board) pursuant to WAC 461-08-300(2) and Civil Rule 56 for summary

judgment and remand, in response to and joinder of the Motion for Summary Judgment and

Request for Remand (Motion), the declaration and exhibits thereto filed by petitioner

Millennium Bulk Terminals-Longview (MBTL).  For purposes of the County's joinder and for

judicial economy, County adopts and incorporates the contents of MBTL's Motion as its own.[1]

## I. SUPPLEMENTAL ARGUMENT

For purposes of this filing and with the County having adopted and incorporated the

Motion of petitioner MBTL on file with the Board, the County would further supplement the

content and arguments of said Motion with the following:

1. **The Hearing Examiner Failed to Consider the Proposal Before Him**.

As argued by MBTL, the Hearing Examiner (Examiner) was presented with a proposal

and staff review of 'Stage 1' permitting.  As set forth in the Declaration of Elaine Placido, the

project in two distinct phases and that a second Shoreline Substantial Development permit

application could be submitted and separately reviewed by the County.  Further, as noted

within the Staff Report, attached to the Declaration as 'Exhibit County-1', the County

addressed Stage 1 of the proposal in its reviews and recommendations.  Nevertheless, without

misdirection or prompting of either the applicant or the County, the Examiner strayed far-afield

of the proposal and local agency review and into impacts and mitigations which were not

proffered before the Examiner—at least not by the applicant or the local agency.

/ / /

/ / /

---

[1] As observed by the Board in its December 8, 2017 joinder of SHB Nos. 17-017 and -018 proceedings, and thereafter and expressly within its *Consolidation…and Prehearing Order*, the parties, issues, and subject matter of these cases are so closely related and aligned that a comprehensive merger will serve to expedite proceedings and advance judicial efficiency, without prejudice to the parties.

2 -    COWLITZ COUNTY'S JOINDER OF MBTL'S
        MOTION FOR SUMMARY JUDGMENT AND
        REQUEST FOR REMAND

1

2

**2. The Hearing Examiner Failed to Analyze Whether the Permit Applications Complied with SMA or SMP Criteria.**

3        County staff of the Department of Building and Planning is tasked with evaluating a

4   SSDP and CUP proposal under CCC 19.20.020, and the Director, specifically, is tasked under

5   local code with "determin[ing] whether the information submitted meets the requirements of

6   WAC 173-27-180, Application requirements for substantial development, conditional use, or

7   variance permit, RCW 90.58.140 . . .".  As addressed in the attached Staff Report, Exhibit

8   County-1, County staff and the department Director expressly and specifically reviewed the

9   proposal under the County's Shoreline Master Program (SMP), namely:

10        **2.5 Shoreline Master Program (SMP) and Shoreline Management Act (SMA):**

11        The shoreline application is vested under the 1977 Shoreline Management Master
          Program (SMP). All proposed developments in or adjacent to state shorelines must be

12        consistent with the goals, policies, and regulations of the SMP and the SMA (RCW
          90.58) . . .

13        *The Proposed Action would result in development within the shoreline area regulated*

14        *by the County's SMP. It designates the shoreline environment at the project area as*
          *urban, which includes areas suitable for intensive recreation, residential, industrial,*

15        *and commercial development. The Proposed Action would be consistent with the*
          *objective of the urban designation. Furthermore, ports and water-related industries,*
          *such as the Proposed Action, are permitted uses on urban shorelines per the SMP.*

16        (Exhibit C-7, FEIS, page 3.1-16)
          [Staff Report, p. 24]

17

18   The Hearing Examiner, in compounding his aforementioned, spontaneous disregard of project

19   phasing, conducted no discernable analyses or review utilizing the County's SMP, and crafted

20   his decision without any discernable consideration or application of the County's SMP.  A

21   development consistent with local SMP regulations creates a presumption that such use is

22   consistent with "the overarching policies of the SMA". *Valero Logistics Operation, LP v. City*

23   *of Tacoma*, SHB No. 06-001, COL VI (2006).  See also, *Roller v. Pierce County*, SHB No. 06-

24   016, CL 11 (2006); and *Ackerson v. King County*, SHB No. 95-26 (March 19, 1996)(CL VII).

25

26

3 -   COWLITZ COUNTY'S JOINDER OF MBTL'S
      MOTION FOR SUMMARY JUDGMENT AND
      REQUEST FOR REMAND

1  Review by this Board requires evaluation of whether the proposal complies with both the SMA

2  and local SMP.  WAC 461-080505(1)(c); WAC 173-27-150.  To that end, the Board gives

3  substantial weight to the local government's interpretation of its own master program and

4  related shoreline polices, as relevant and important considerations in any appeal.  *The Puyallup*

5  *Tribe of Indians v. City of Tacoma*, SHB No. 16-002, COL (2016).  By (at best) marginalizing

6  any presentation, discussion, inquiry, review, consideration, application or decision making

7  involving the County's SMP, the Hearing Examiner also marginalized the interests and ability

8  of the Board to accord substantial weight to the interpretations and applications of County staff

9  and their department Director to the County SMP.

## II.  CONCLUSION

11     For the foregoing reasons, the County respectfully requests that the Board grant the

12  Motion, and reverse and remand to the Hearing Examiner as more fully set forth in the Motion.

13     RESPECTFULLY SUBMITTED this 26th day of January, 2018.

14          RYAN JURVAKAINEN, Prosecuting Attorney

15

16  *D E Jensen*
    _____

17  DOUGLAS E. JENSEN, WSBA #20127
    Chief Civil Deputy Prosecuting Attorney

18          jensend@co.cowlitz.wa.us

19  STATE OF WASHINGTON  )          DECLARATION
    COUNTY OF COWLITZ      ) ss.        OF SERVICE

20      The undersigned, being first duly sworn on oath, states that on the
    26th day of January, 2018, affiant emailed and deposited into interoffice

21  mail for posting in the mails of the United States of America a properly
    stamped and addressed envelope to the Shorelines Hearings Board, and
    emailed to counsels of record a copy of the accompanying document(s):

22    1. County's Joinder of MBTL's Motion
      I CERTIFY under penalty of perjury under the laws of the State of
23  Washington that the foregoing is true and correct.
      DATED at Kelso, Washington, this 26th day of January, 2018.

24          *D E Jensen*
           _____
           Douglas E. Jensen

25

26   4 -   COWLITZ COUNTY'S JOINDER OF MBTL'S          COWLITZ COUNTY PROSECUTING ATTORNEY
           MOTION FOR SUMMARY JUDGMENT AND          Hall of Justice
           REQUEST FOR REMAND                        312 SW 1st Avenue
                                                     Kelso, Washington  98626
                                                     (360) 577-3080   FAX (360) 414-9121

EXHIBIT 3

1

2

3

4

5

6

7     BEFORE THE SHORELINES HEARINGS BOARD
      OF THE STATE OF WASHINGTON

8

9  MILLENNIUM BULK TERMINALS —
   LONGVIEW, LLC,

10                           Petitioner,

11          v.

12  COWLITZ COUNTY, WASHINGTON
    DEPARTMENT OF ECOLOGY, ET AL.,        SHB No. 17- 017c

13                           Respondents.

14  _____              **COWLITZ COUNTY'S**
                                          **RESPONSE TO DEPT. OF**
15  COWLITZ COUNTY, a political           **ECOLOGY'S MOTION FOR**
    subdivision of the state of Washington, **SUMMARY JUDGMENT**

16                           Petitioner,

17  COWLITZ COUNTY HEARING
18  EXAMINER, the Local Government entity
    with administrative jurisdiction in the matter
19  of Shoreline Permit Application No. 17-
    0992,

20          and

21  MILLENNIUM BULK TERMINALS-
22  LONGVIEW, LLC and STATE OF
    WASHINGTON, DEPARTMENT OF
23  ECOLOGY,

24                           Respondents.

25

26

   1 -   COWLITZ COUNTY'S RESPONSE TO        Cowlitz County Prosecuting Attorney
         ECOLOGY'S MOTION FOR SUMMARY        Hall of Justice
         JUDGMENT AND REQUEST FOR REMAND     312 SW 1st Avenue
                                             Kelso, Washington  98626
                                             (360) 577-3080   FAX (360) 414-9121

1      COMES NOW, petitioner Cowlitz County (County), and hereby responds to the State

2   of Washington, Department of Ecology's (Ecology's) Motion for Summary Judgment (Motion)

3   with joinder of the Response to Motion for Summary Judgment (Response), the declarations

4   and exhibits thereto filed by petitioner Millennium Bulk Terminals-Longview (MBTL).  For

5   purposes of the County's joinder and for judicial economy, County adopts and incorporates the

6   contents of MBTL's Response to Ecology as its own.[1]  Notably, arguments of Ecology in its

7   Motion and arguments of the Washington Environmental Council (WEC) within its Motion for

8   Summary Judgment have considerable overlap.  For purposes of its Response to Ecology's

9   Motion, the County would incorporate its Response to WEC's Motion for Summary Judgment.

## I.  SUPPLEMENTAL ARGUMENT

11      For purposes of this filing and with the County having adopted and incorporated the

12   Response of petitioner MBTL and County's Response to WEC, both on file with the Board, the

13   County would further supplement this Response with the following:

14   **1.   Challenged Representations and Mischaracterizations Renders Arguments Presented
         by Ecology Inadequate for Summary Judgment.**

15

16      As set forth in the attached Declaration of Elaine Placido, the County would challenge

17   Ecology's interpretation of the FEIS and staff presentation of the SMP.  Facts and evidence,

18   and reasonable interferences to be drawn from such facts and evidence in summary judgment,

19   are to be viewed in the light most favorable to the nonmoving party.  *Hubbard v. Spokane*

20   *County*, 146 Wn.2d 699, 707, 50 P.3d 602 (2002).  Summary judgment is not proper where

21   contradictory facts and evidence exist on more than mere collateral matters.  *Morinaga v. Vue*,

22   85 Wn.App. 822, 828, 935 P.2d 637 (1997).  Although Ecology willingly conceded that the

23

24

25   _____

       [1] See, December 8, 2017 joinder of SHB Nos. 17-017 and -018 proceedings, and *Consolidation…and Prehearing
       Order*, the parties, issues, and subject matter of these cases are so closely related and aligned that a comprehensive
26   merger will serve to expedite proceedings and advance judicial efficiency, without prejudice to the parties.

2   -   COWLITZ COUNTY'S RESPONSE TO          COWLITZ COUNTY PROSECUTING ATTORNEY
         ECOLOGY'S MOTION FOR SUMMARY           Hall of Justice
         JUDGMENT AND REQUEST FOR REMAND        312 SW 1st Avenue
                                                Kelso, Washington  98626
                                                (360) 577-3080   FAX (360) 414-9121

1  " . . . [F]EIS is not on trial . . . " [2], it nevertheless reconstituted and restated the content of that

2  document (*see*, Wolfman Dec, cited in Ecology's Motion) in such harsh contrast to the plain

3  wording of the document, and the interpretations and understandings of its co-lead agency in its

4  staff report (*see,* Placido Dec., at 3-5) so as to place the FEIS before this Board to adjudicate a

5  divergence in wording, interpretations and understandings of the FEIS as it applied to the

6  Hearing Examiner's decision, and Issues 1-9 of the Board's Prehearing Order.

7  **2.      Ecology Failed to Meet its Initial Burden Under Summary Judgment the Project is
      Inconsistent with SMA and SMP**

8

9       Ecology argued for summary judgment on Issues 1, 6, and 7 as to inconsistency of the

10  project with the SMA and SMP, but then failed to sustain its evidentiary and factual burden for

11  purposes of its argument.  See, *Herman v. Safeco Ins. Co. of Am*., 104 Wn. App. 783, 787-

12  88,17 P.3d 631 (2001) ("speculation" and "argumentative assertions" by moving party are

13  insufficient to survive summary judgment).  Summary judgment before the ELUHO is "subject

14  to a burden shifting scheme" which first requires the moving party submit "adequate affidavits"

15  to support it motion.  *MYTAN v. Martin*, PCHB No. 11-135 (2013) at 5, citing *Michael v.

16  Mosquera-Lacy*, 165 Wn.2d 595, 601 (2009).  It is not sufficient merely to parrot the decision

17  of the Hearing Examiner or offer a conclusory Declaration (Rothwell Decl.) in support which

18  amounts to unsupported opinion.[3]  Further, Ecology is estopped from efforts to meet its original

19  burden of proof through supplementation in any Reply.  See, e.g., *Dixon, et al., v. Ecology*.,

20  PCHB Nos. 05-030, -059 (2005) at p.1:

21

_____

22  [2] *Ecology's Motion*, p. 6, ln.9
[3] The *Declaration of Rothwell* consists of only declarative, conclusory and generalized 'determinations', bereft of
23  factual support or methodology as would allow the County to respond with other than an 'we have determined
you're wrong'.  See*, Declaration* :

24       I determined that the project is inconsistent with multiple SMP and SMA criteria. Specifically, the project is
inconsistent with eight of the SMP's goals, 12 objectives, four policies, and five regulations. In addition, I was
25  unable to determine the project's consistency with 11 other SMP goals, objectives, policies, and regulations. I
also determined that the project is inconsistent with seven elements of the conditional use criteria (this
26  includes sub-criteria to conditional use criterion #1), six of the SMA's policies for shorelines of statewide
significance, and the general policy of RCW 98,50.020 to promote and enhance the public interest.

3  -    COWLITZ COUNTY'S RESPONSE TO           COWLITZ COUNTY PROSECUTING ATTORNEY
      ECOLOGY'S MOTION FOR SUMMARY          Hall of Justice
      JUDGMENT AND REQUEST FOR REMAND       312 SW 1st Avenue
                                            Kelso, Washington  98626
                                            (360) 577-3080   FAX (360) 414-9121

1   A reply brief is a defensive pleading and is not the appropriate forum for raising new
2   legal arguments or factual matters. See <u>Olympia Buildings and Construction Trades
    Council v. Ecology</u>, PCHB 04-147 (Order on Stay Motion, February 10, 2005). . .
3   [Reply cannot] raise new evidence to which Respondents have no opportunity to reply.

4   *Accord*, *Oly. Bldg Trades Council v. Ecology,* PCHB No. 04-147 (2004)(Reply stricken for

5   improperly raising new issues and offering new evidence in support of original motion).  The

6   Board should prevent this Motion from procedurally devolving into 'argument by ambush'.

7       Finally, as set forth in County's own Motion for Summary Judgment and attached Ex.

8   County-1 to first Declaration of Placido, County asserts that the Examiner did not adequately

9   address or defer to County interpretations and application of its SMP.[4]  County would

10  incorporate and reassert such argument and evidence in its Response.

11  ## II.   CONCLUSION

12      For the foregoing reasons, the County respectfully requests that the Board deny the

13  Motion for Summary Judgment of Ecology.

14      RESPECTFULLY SUBMITTED this 9th day of February, 2018.

15                                  RYAN JURVAKAINEN, Prosecuting Attorney

16                                  *D E Jensen*

17                                  _____
                                    DOUGLAS E. JENSEN, WSBA #20127
18                                  Chief Civil Deputy Prosecuting Attorney
                                    jensend@co.cowlitz.wa.us

19  STATE OF WASHINGTON  )              DECLARATION
    COUNTY OF COWLITZ       ) ss.         OF SERVICE

20      The undersigned, being first duly sworn on oath, states that on the
    9th day of February, 2018, affiant emailed and deposited into interoffice
    mail for posting in the mails of the United States of America a properly
21  stamped and addressed envelope to the Shorelines Hearings Board, and
    emailed to counsels of record copies of accompanying document(s):

22      1. County's Response to Ecology Motion for Summ. Jdgmnt.
        I CERTIFY under penalty of perjury under the laws of the State of
    Washington that the foregoing is true and correct.
23      DATED at Kelso, Washington, this 9th day of February, 2018.

24                  *D E Jensen*
                    Douglas E. Jensen

25

26  [4] *County Mtn. for Sum. Judgment* pp.3-5, & Ex. (1/26/18)

    4 -   COWLITZ COUNTY'S RESPONSE TO          COWLITZ COUNTY PROSECUTING ATTORNEY
          ECOLOGY'S MOTION FOR SUMMARY         Hall of Justice
          JUDGMENT AND REQUEST FOR REMAND      312 SW 1st Avenue
                                               Kelso, Washington  98626
                                               (360) 577-3080   FAX (360) 414-9121

1
2
3
4
5
6
7

BEFORE THE SHORELINES HEARINGS BOARD
OF THE STATE OF WASHINGTON

8
9   MILLENNIUM BULK TERMINALS —
    LONGVIEW, LLC,
10
                            Petitioner,
11          v.

12  COWLITZ COUNTY, WASHINGTON
    DEPARTMENT OF ECOLOGY, ET AL.,
13
                            Respondents.
14

15  COWLITZ COUNTY, a political
    subdivision of the state of Washington,
16
                            Petitioner,
17
    COWLITZ COUNTY HEARING
18  EXAMINER, the Local Government entity
    with administrative jurisdiction in the matter
19  of Shoreline Permit Application No. 17-
    0992,
20
        and
21
    MILLENNIUM BULK TERMINALS-
22  LONGVIEW, LLC and STATE OF
    WASHINGTON, DEPARTMENT OF
23  ECOLOGY,

24                          Respondents.

SHB No. 17- 017c

**DECLARATION OF ELAINE
PLACIDO IN SUPPORT OF
COUNTY'S RESPONSE TO
MOTION FOR SUMMARY
JUDGMENT**

25
26      I, ELAINE PLACIDO, do certify and declare as follows:

DECLARATION OF ELAINE PLACIDO IN          1
SUPPORT OF COUNTY RESPONSE

1       1. I am the Director of the Department of Building and Planning, Cowlitz County, Washington (County).  I am over the age of 18 years and competent to testify in all respects, and I make this declaration from personal knowledge.

2.  County and the state Department of Ecology (Ecology) served as co-lead agencies under the State Environmental Policy Act, and jointly prepared and approved for issuance a Draft EIS (DEIS) on April 30, 2016. County and Ecology then jointly prepared and approved issuance of a Final EIS (FEIS) that included responses to each comment received on the Draft EIS to satisfactorily address all of the substantive responses and questions received. The DEIS and FEIS were included as Exhibit 6 to the staff report, previously submitted as Exhibit County-1.  Cowlitz County Code (CCC) required an appeal of the adequacy of the FEIS be filed by August 18, 2017. CCC 19.11 (per Ch. 43.21C RCW). BNSF Railway Co. filed a precautionary appeal on May 12, 2017, but then withdrew its appeal on August 24th.  MBTL issued a Notice of Action under RCW 43.21C.080, which established a deadline for appealing the FEIS. No other appeal was filed, and the FEIS stands as jointly written and approved.

Cowlitz County
207 4th Avenue North
Kelso, WA 98626

Washington State Department of Ecology
300 Desmond Drive SE
Lacey, WA 98503

April 28, 2017

Dear Interested Parties, Jurisdictions, and Agencies:

Cowlitz County and the Washington State Department of Ecology (the co-lead agencies) are pleased to present the Final Environmental Impact Statement (Final EIS) for the proposed Millennium Bulk Terminals—Longview project. Millennium Bulk Terminals—Longview, LLC (the Applicant) is proposing to construct and operate a coal export terminal (Proposed Action) in Cowlitz County, Washington, along the Columbia River.

Under the Proposed Action, the Applicant would develop the coal export terminal on 190 acres (the project area) primarily within an existing 540-acre site that is currently leased by the Applicant. The coal export terminal would receive coal from the Powder River Basin in Montana and Wyoming and the Uinta Basin in Utah and Colorado via rail shipment. Coal would be unloaded from rail cars, stockpiled, and loaded by conveyor onto ocean-going vessels for export using two new docks located in the Columbia River. Once construction is complete, the Proposed Action could have a maximum annual throughput capacity of up to 44 million metric tons of coal per year.

The Final EIS has been prepared in accordance with the Washington State Environmental Policy Act (SEPA) and Cowlitz County Code. The purpose of the Final EIS is to evaluate the potential environmental impacts of constructing and operating the Proposed Action.

During the EIS scoping phase, the co-lead agencies identified areas of concern associated with the Proposed Action that were subsequently addressed in the Draft EIS. The co-lead agencies published the Draft EIS for review and comment on April 29, 2016. Comments on the Draft EIS were received April 29 through June 13, 2016. All comments received during the comment period were reviewed, compiled, and considered in the development of the Final EIS. The Final EIS reflects revisions and additional information in response to comments received on the Draft EIS. Responses to all comments on the Draft EIS are presented in the Final EIS.

The Final EIS evaluates the potential impacts from construction and operation of the Proposed Action, including potential impacts related to the rail and vessel transport of coal to and from the proposed export terminal. The Final EIS evaluates the contribution of the Proposed Action to cumulative environmental impacts. In addition to the Proposed Action, the Final EIS evaluates a no-action alternative.

The following resource areas were evaluated in the Final EIS.

Built Environment:
- Land and Shoreline Use
- Social and Community Resources
- Aesthetics, Light, and Glare
- Cultural Resources
- Tribal Resources
- Hazardous Materials

Natural Environment
- Geology and Soils
- Surface Water and Floodplains
- Wetlands
- Groundwater
- Water Quality
- Vegetation
- Fish
- Wildlife
- Energy and Natural Resources

Operations
- Rail Transportation
- Rail Safety
- Vehicle Transportation
- Vessel Transportation
- Noise and Vibration
- Air Quality
- Coal Dust
- Greenhouse Gas Emissions and Climate Change

The Final EIS identifies proposed mitigation measures to address potentially significant adverse environmental impacts of the Proposed Action. In some cases, implementation of proposed mitigation measures would reduce but not completely eliminate the significant adverse impacts. These impacts are identified in the Final EIS as unavoidable and significant adverse environmental impacts. Potential unavoidable and significant adverse environmental impacts are identified for the following resource areas: social and community resources; cultural resources; tribal resources; rail transportation; rail safety; vehicle transportation; vessel transportation; noise and vibration; and air quality.

The Final EIS will be used by Cowlitz County, Washington State Department of Ecology, and other agencies to inform decision-making regarding permits for the Proposed Action. SEPA (WAC 197-11-460) requires agencies shall take no actions for 7 days after Final EIS issuance. All local, state, regional, and federal permits must be issued before the Proposed Action can begin. Construction of the Proposed Action could begin in 2018.

Questions about this Final EIS may be directed to:

Elaine Placido, DPA
Director, Building and Planning
Cowlitz County
207 4th Avenue North
Kelso, WA 98626
(360) 577-3052 (Ext. 6662)
PlacidoE@co.cowlitz.wa.us

Sally Toteff
Director, Southwest Regional Office
Washington State Department of Ecology
300 Desmond Drive SE
Lacey, WA 98503
(360) 407-6307
sally.toteff@ecy.wa.gov

Thank you for your interest in the Millennium Bulk Terminals—Longview project environmental review process.

Sincerely,

Elaine Placido, Building and Planning Director, Cowlitz County

Date: 28 April 2017   Signature: _____

Sally Toteff, Southwest and Olympic Regional Director, Washington State Department of Ecology

Date: 28 April 2017   Signature: _____

DECLARATION OF ELAINE PLACIDO IN
SUPPORT OF COUNTY RESPONSE

2

COWLITZ COUNTY PROSECUTING ATTORNEY
Hall of Justice
312 SW 1st Avenue
Kelso, Washington  98626
(360) 577-3080   FAX (360) 414-9121

3.  Ecology, in its Motion for Summary Judgement (Motion) at page 2 of 74, states that the "EIS concluded the project **would** have significant adverse effects on the environment and local community that cannot reasonably be mitigated" (*emphasis added*).   This is a mischaracterization, inasmuch as the FEIS at S-41 actually stated there are proposed mitigation measures that <u>would</u> <u>reduce</u> impacts and suggesting only that "impacts **could** remain" (*emphasis added*). Such mitigation measures are summarized in Table S-2 of the FEIS, where it is indicated that impacts to Social and Community Resources, Rail Transportation, Rail Safety, and Noise and Vibration <u>would</u> <u>be</u> largely eliminated through implementation of the proposed mitigation measures and with infrastructure improvements to the delivery system (such as track improvements and the use of Tier 4 locomotives).

4.  Ecology's assertion in its Motion that there are no proposed mitigation measures to eliminate vehicles delays (Ecology at pg. 7(2)) is yet another mischaracterization, and in direct contradiction to the FEIS at S-56 and at 5.3-45-46, wherein the FEIS expressly stated "[w]ith current track infrastructure . . . and one Proposed Action train travels during the peak hour", and while there could be significant impacts, that multiple voluntary and applicant mitigation measures could address such impacts.  The FEIS further noted that additional mitigation would come from a long-planned, and ongoing grade-separated crossing improvements at Oregon Way and Industrial Way and SR432/SR433 by the Washington State Dept. of Transportation (WSDOT)  (https://www.wsdot.wa.gov/Projects/SR432/sr433intersectionimprove/default.htm), with project completion scheduled for 2024.

5. Ecology's statements regarding 'Noise and Vibration' (Motion at 7(3)) contain more mischaracterizations of the FEIS, by asserting: "Millennium volunteered to fund what they call 'quiet crossings': at two of the four at-grade crossings. However, the level of noise reduction from 'quiet crossings' is unknown because the trains may still be required to sound their horns."  In reality, the FEIS at 5.5-26 describes, "all noise impacts from Proposed Action

DECLARATION OF ELAINE PLACIDO IN
SUPPORT OF COUNTY RESPONSE

3

COWLITZ COUNTY PROSECUTING ATTORNEY
Hall of Justice
312 SW 1st Avenue
Kelso, Washington  98626
(360) 577-3080   FAX (360) 414-9121

related rail traffic within the immediate vicinity of the crossings at Oregon Way and Industrial Way. . . **would not** occur" (*emphasis added*) if the grade separated crossings are "constructed before 2028." (See, WSDOT, above)   Further, the mitigation discussion at FEIS 5.5-32-33 makes this unambiguously clear with the statement that "horn sounding could be eliminated by establishing a Quiet Zone, which includes enhanced safety measures at at-grade crossings, such that the use of train horns would not be required" – mischaracterized and omitted by Ecology.

6.   Mirroring current events in our nation's Capital, Ecology then 'cherry picked' the facts and conclusion of the FEIS for its presentation of the coal dust analysis found in chapter 5.7 of the FEIS. While Ecology correctly asserts that the total suspended particulate emission rates of 14.6 tons per year of coal dust, it chose to redact and omit critical contextual and qualifying information found on that same page.  By example, FEIS at 5.7-5 clearly stated:

> . . . the modeling was completed for the deposition of the coal particles and a more conservative assumption about the effectiveness of full enclosures and spray/fogging for conveyors. A 95% reduction effectiveness was assumed for the enclosed conveyor and spray/fogging systems, which is consistent with the permit from the Oregon Department of Environmental Quality (2013). . .

This modeling, which properly considered the project design components of full enclosures and spray/fogging, resulted in projected impacts that are summarized on 5.7-27 having a much less 'dramatic' result than was clarion'd by Ecology, namely: maximum monthly deposition at the project area boundary would be 0.40g/m2/month (or approximately 0.014 ounces per square meter per month); along the Reynolds Lead and BNSF mainline in Cowlitz County, the maximum coal dust deposition would be 2.3 to 2.2g/m2/month;  along the BNSF mainline in the Gorge, maximum deposition would be 2.6g/m2/month; and along the BNSF mainline outside of Cowlitz County and the Gorge the maximum deposition would be 0.88g/m2/month. The FEIS also clearly states . . . once more, contrary to mischaracterization by Ecology . . . "this impact **is not** considered significant" (5.7-28) (*emphasis added*) and "Compliance with laws and implementation of the mitigation measures described . . . would reduce impacts

DECLARATION OF ELAINE PLACIDO IN
SUPPORT OF COUNTY RESPONSE

4

COWLITZ COUNTY PROSECUTING ATTORNEY
Hall of Justice
312 SW 1st Avenue
Kelso, Washington  98626
(360) 577-3080  FAX (360) 414-9121

related to coal dust. There **would be no** unavoidable and significant environmental impacts from coal dust" (5.7-30) (*emphasis added*).

7.    As to a different argument of Ecology, indirect impacts that are not eliminated, including impacts to Cultural Resources and Tribal Resources, are under the purview of NEPA and federal reviews, and would have been fully analyzed if a NEPA FEIS, MOA under Section 106 and other federal consultations had been contemporaneously completed.  FEIS Section 3.5, Tribal Resources, included statements in section 3.5.8, as follows:

> Because other factors besides rail operations affect fishing opportunities, such as the number of fishers, fish distribution, timing, and duration of fish migration periods and seasons, the extent to which rail operations related to the Proposed Action would affect tribal fishing is difficult to quantify. Making a determination of significance related to treaty reserved rights is not part of this EIS. (3.5-20).

8.    And finally, the Draft MBTL Longview Health Impact Assessment (HIA) is mischaracterized by Ecology to further its arguments. The draft was released on December 20, 2017, for the Steering Committee, and for public and agency review. This HIA did/does not (and was not intended to) independently verify the non-appealed findings or conclusions of the FEIS.  Rather the joint-agency, FEIS findings were to be a starting point from which to further describe health impacts related to four, 'thematic' areas of interest of the Steering Committee. See, draft HIA-FAQ, published at http://www.co.cowlitz.wa.us/DocumentCenter/View/13410:

> **4.  Why is the HIA being prepared for the MBTL project?**
> During the public scoping process for the MBTL EISs, questions regarding project impacts on health and quality of life arose. On June 10, 2015, Cowlitz County Building and Planning Department staff met with representatives from Cowlitz County Health and Human Services Department and the Washington State Department of Health. The agencies agreed that an HIA would be a useful tool to better understand the health effects of the MBTL project. The HIA process is in addition to the federal and state environmental processes currently underway. The Applicant agreed to fund the HIA process, even though it is not legally required for the permitting process.
>
> **5.  How does the HIA compare to the SEPA EIS?**
> The SEPA EIS is required by law and analyzes potential impacts the MBTL project would have on environmental resources. The HIA evaluates effects the MBTL project would have on human health and quality of life in adjacent communities. Some analyses from the SEPA EIS may be used to inform the HIA—for example, by providing information about air quality, noise and vibration, and rail safety.

DECLARATION OF ELAINE PLACIDO IN
SUPPORT OF COUNTY RESPONSE

5

1  In sum, the HIA did/does not independently verify, support or contradict any of the methods,

2  sources or findings of the FEIS. Further, the HIA is in draft, subject to revision and calls for

3  further analyses, and not to be considered a 'final', material document in these proceedings.

4      I declare under penalty of perjury under the laws of the State of Washington that for

5  foregoing is true and correct.

6      Signed in Kelso, WA this _____ day of February, 2018.

7

8

9                      Elaine Placido, Department Director

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF ELAINE PLACIDO IN
SUPPORT OF COUNTY RESPONSE

6