UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LIGHTHOUSE RESOURCES INC., et al., | CASE NO. 3:18-cv-05005-RJB |
| Plaintiffs, | ORDER REGARDING APPLICABLE LAW |
| and | |
| BNSF RAILWAY COMPANY | |
| Intervenor-Plaintiff, | |
| v. | |
| JAY INSLEE, et al., | |
| Defendants, | |
| and | |
| WASHINGTON ENVIRONMENTAL COUNCIL, et al., | |
| Intervenor-Defendants. | |

The Court requested that the parties be prepared to discuss, on March 26, 2019, *Pullman* abstention, pending state matters, and authority to grant Plaintiffs' prayers. Oral argument on those matters was heard on March 26, 2019.

ORDER REGARDING APPLICABLE LAW - 1

1    That argument, and the Court's research, led to the observations set out below.  Counsel

2  may wish to add to the briefing on these matters before the Court makes definitive rulings.

3  While this is an unusual procedure, it appears to the Court that the parties differ widely in regard

4  to the law to be applied at the upcoming trial, scheduled for 13 May 2019.  It will be of benefit to

5  all parties to resolve the issues presented here well in advance of the trial date.

6    Current work on this case has centered on the Washington State Department of Ecology's

7  §401 Water Quality Certification Denial.  (Dkt. 1-*1).  The Court is mindful that there are other

8  permits and events at issue within the scope of the case, but will focus on the §401 denial here,

9  as counsel has done.

10 **Preclusive Effect of Pollution Control Hearings Board Decision and Other Administrative**

11 **Decisions**

12    Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts give "the same

13 preclusive effect to a state-court judgment as another court of that state would give."  The federal

14 common law rules of preclusion apply to "state administrative adjudications of legal as well as

15 factual issues, even if unreviewed, so long as the state proceeding satisfies the requirements of

16 fairness outlined in *United States v. Utah Construction & Mining,* 384 U.S. 394, 422 (1966)."

17 *Miller v. County of Santa Cruz,* 39 F.3d 1030, 1032-1033 (9th Cir. 1994).  The *Utah*

18 *Construction* test requires: (1) that the administrative agency act in a judicial capacity, (2) that

19 the agency resolve disputed issues of fact and law properly before it, and (3) that the parties have

20 an adequate opportunity to litigate.  *Id.*, at 1033.  Washington courts also recognize that

21 decisions of administrative bodies may have preclusive effect.  *Reninger v. Dept. of Corrections,*

22 134 Wash.2d 437, 449 (1998).  The Washington test, like the *Utah Construction* test, considers

23 whether the administrative body was acting within its jurisdiction when it made factual and legal

24

1  determinations, it examines procedural differences between Washington courts and the

2  administrative body, and adds policy considerations. *Id.*

3       Here, the test under both *Utah Construction* and Washington law are met. First, the

4  Pollution Control Hearings Board was acting in a judicial capacity when it made factual and

5  legal decisions about the propriety of Bellon's decision to deny the § 401 permit. Second, the

6  parties had an adequate opportunity to litigate, that is, the procedures available in the Pollution

7  Control Hearings Board were adequate: notice was given, the parties had counsel, they had the

8  opportunity to present evidence, they made argument, a written decision was given, they had the

9  right to appeal the decision to the Washington State Superior Court, and did appeal the decision

10  of the Pollution Control Hearings Board to the Cowlitz County, Washington Superior Court.

11  The Plaintiffs argue that because here they assert federal Constitutional violations, there are

12  policy reasons not to give the administrative decision preclusive effect. That assertion rings

13  hollow, because in their appeal to the Cowlitz County Superior Court, two federal constitutional

14  claims are raised pursuant to § 1983. Those claims appear to overlap with the federal

15  Constitutional claims raised in this federal court.

16       The decision of the Pollution Control Hearings Board to affirm Defendant Bellon's denial

17  of the § 401 permit appears entitled to preclusive effect. Analysis of the same issue through the

18  rules of collateral estoppel is also appropriate.

19       "Under collateral estoppel, once a court has decided an issue of fact or law necessary to

20  its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of

21  action involving a party to the first case." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885

22  (9th Cir. 2000). Washington courts apply collateral estoppel to "(1) identical issues; (2) a final

23  judgment on the merits; (3) the party against whom the plea is asserted must have been a party to

24

ORDER REGARDING APPLICABLE LAW - 3

1  or in privity with a party to the prior adjudication; and (4) application of the doctrine must not

2  work an injustice on the party against whom the doctrine is to be applied." *Sprague v. Spokane*

3  *Valley Fire Dep't*, 189 Wn.2d 858, 899 (2018).

4        The Pollution Control Hearings Board's decision to affirm Defendant Bellon's denial of

5  the § 401 permit also appears entitled to preclusive effect under the doctrine of collateral

6  estoppel. The issues are identical – the constitutional claims raised here involve the propriety of

7  the grounds for Bellon's denial on the same issues the board was reviewing. The decision was a

8  final judgment on the merits and Lighthouse and BNSF were parties or in privity with parties.

9  Further, as to the fourth element, the "injustice element," it "is rooted in procedural unfairness.

10  Washington courts look to whether the parties to the earlier proceeding received a full and fair

11  hearing on the issue in question." *Schibel v. Eymann*, 189 Wn.2d 93, 102 (2017). There is no

12  showing that the proceeding before the board was anything but full and fair.

13        An obvious issue raised by the preclusive effect of an administrative body's ruling is the

14  finality of such a decision. Here, the Order on Motion for Summary Judgment of the State

15  Pollution Control Hearings Board (Dkt. 130-6) is on appeal to the Superior Court of the State of

16  Washington; a motion requesting that the State Court of Appeals take direct review is pending;

17  the Washington State Supreme Court may also review the actions of the lower courts. A

18  different result may occur at each level.

19        The landscape of this federal case may substantially change if the federal court gives full

20  faith and credit not only to the final ruling of the state courts, but to each administrative agency

21  or inferior court's ruling as the state record stands at the time of any federal trial. The risk of

22  injustice is high on these shifting sands. Nevertheless, the law seems clear – the federal court

23  must give full faith and credit to the state rulings on both facts and law as they stand at the time

24

of trial, or at the time other issues – such as motions for summary judgment – are presented to the federal court for decision.

In this case, the Pollution Control Hearings Board Order on Summary Judgment appears entitled to full faith and credit and apparently removes a great deal from the federal court issues to be decided at trial – notably, that the Department of Ecology's denial of the §401 certificate was not arbitrary, capricious, or contrary to law, that it was proper to include SEPA considerations in the §401 denial, and to include the words "with prejudice" in the denial.

A careful reading of every relevant state ruling is called for to determine admissibility of evidence at trial, or on summary judgment.

Even if this Court should disagree with the Hearings Board, or if the Hearings Board has ruled in part on matters of federal law (such as, perhaps, the authority for the Director of Ecology to issue the §401 denial "with prejudice"), this Court does not have appellate jurisdiction over the Hearings Board's rulings, and cannot reverse the Board on matters presented to it, whether properly based on state or federal law, or both.

If this federal court proceeds to trial on federal commerce clause issues as things stand now, the trial would probably start where the Hearings Board left off; there might not be much left to do except, perhaps, a *Pike* balancing.

### *Pullman* Abstention

If trial is delayed by abstention, and if Plaintiffs ultimately prevail in state court, Plaintiffs may have an opportunity to present their full claims to the federal court, or to rely on findings of the state court to their benefit. If the §401 denial is vacated, Plaintiffs could simply cease this litigation and proceed with efforts to satisfy environmental concerns. At least, the federal Constitutional questions "might be mooted or presented in a different posture by a state

court determination of pertinent state law" (or facts). *Rollsman v City of Los Angeles*, 737 F.2d

830, 833 (9th Cir. 1984).

"The *Pullman* abstention doctrine is a narrow exception to the district court's duty to

decide cases properly before it. *Pullman* allows postponement of the exercise of federal

jurisdiction when a federal constitutional issue might be mooted or presented in a different

posture by a state court determination of pertinent state law." *Columbia Basin Apartment Ass'n*

*v. City of Pasco,* 268 F.3d 791, 801 (9th Cir. 2001)(*internal quotation marks omitted*). "*Pullman*

holds that 'federal courts should abstain from decisions when difficult and unsettled questions of

state law must be resolved before a substantial federal constitutional question can be decided.'"

*Id.* (*quoting Hawaii Housing Authority v. Midkiff,* 467 U.S. 229, 236 (1984)). "By abstaining in

such cases, federal courts avoid both unnecessary adjudication of federal questions and needless

friction with state policies." *Id.,* at 801-802. "Retention of jurisdiction, and not dismissal of the

action, is the proper course" under *Pullman. Id.,* at 802.

In order to determine whether *Pullman* abstention is appropriate, courts in the Ninth

Circuit use a three-part test:

> (1) The complaint touches a sensitive area of social policy upon which the federal
> courts ought not to enter unless no alternative to its adjudication is open;
>
> (2) such constitutional adjudication plainly can be avoided if a definitive ruling on
> the state issue would terminate the controversy; and
>
> (3) the possibly determinative issue of state law is doubtful.

*C–Y Dev. Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir.1983) (*internal quotation marks*

*omitted*).

In the interests of fully considering all issues, the parties should be given an opportunity

to file further briefing, if they wish, on the subjects raised in this order, limited to ten pages each

1  for the Plaintiffs and Intervenor-Plaintiff, and ten pages each for the Defendants and Intervenor-

2  Defendants.  Any further briefing is due on or before **April 8, 2019**.  Replies, if any, should be

3  limited to five pages and should be filed by **April 10, 2019**.

4      Further, the pending motions for summary judgment (Dkts. 211, 212, and 227 (filed in

5  unredacted form at 224)) and the motions to exclude (Dkts. 230 and 232) **ARE RENOTED** for

6  **April 10, 2019**.

7      **IT IS SO ORDERED**.

8      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

9  to any party appearing *pro se* at said party's last known address.

10     Dated this 1st day of April, 2019.

11

12                                         ROBERT J. BRYAN
                                           United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24