UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LIGHTHOUSE RESOURCES INC., et al.,<br><br>Plaintiffs,<br><br>and<br><br>BNSF RAILWAY COMPANY<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>JAY INSLEE, et al.,<br><br>Defendants,<br>and<br><br>WASHINGTON ENVIRONMENTAL COUNCIL, et al.,<br><br>Intervenor-Defendants. | CASE NO. 3:18-cv-05005-RJB<br><br>ORDER STAYING CASE |

This matter comes before the Court on the parties' various motions (Dkt. 211, 212, 227, and 230, and 232). The Court has considered pleadings filed regarding the motions, oral

- 1

argument on March 26, 2019, additional briefing requested on issue preclusion and *Pullman* abstention, and the remaining record.

The Court is concerned over pre-judging issues in this case, and the fact that it sees the case very differently than the parties because of issue preclusion discussed below. Time considerations are also a concern; trial is scheduled for May 13, 2019. Also, the Court is well aware of its duty to timely resolve disputes that are properly before it.

The Court has spent a good deal of time and effort considering and researching the issues. This is how it looks to the Court at this time:

## Issue Preclusion

In order to prevail on their commerce clause claims, the Plaintiffs and Intervenor-Plaintiff[1] assert that they must show:

> (1) [W]hether the Defendants intended to or in fact discriminated against foreign or interstate commerce; (2) whether the Defendants intended to or in fact burdened foreign or interstate commerce; (3) the extent of any such burdens or the countervailing actual or alleged benefits of the state's actions; and (4) whether the Defendants intruded into an area in which the United States, and not the states, are permitted to act under the U.S. Constitution.

Dkt. 314, at 16. None of these claims were definitively decided in the State Pollution Control Hearings Board proceeding.

In regard to the evidence available at a trial on commerce clause issues only, the relevance of the State Pollution Control Hearings Board's decisions as an issue preclusion question, not a claim preclusion question, becomes apparent.

The April 1, 2019 order (Dkt. 309) provides the standard on issue preclusion, but it bears repeating here. Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts give "the

---

[1] References herein to Plaintiff includes the Intervenor-Plaintiff.

ORDER STAYING CASE - 2

same preclusive effect to a state-court judgment as another court of that state would give." The federal common law rules of preclusion apply to "state administrative adjudications of legal as well as factual issues, even if unreviewed, so long as the state proceeding satisfies the requirements of fairness outlined in *United States v. Utah Construction & Mining,* 384 U.S. 394, 422 (1966)." *Miller v. County of Santa Cruz,* 39 F.3d 1030, 1032-1033 (9th Cir. 1994). The *Utah Construction* test requires: (1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact and law properly before it, and (3) that the parties have an adequate opportunity to litigate. *Id.*, at 1033. Washington courts also recognize that decisions of administrative bodies may have preclusive effect. *Reninger v. Dept. of Corrections,* 134 Wash.2d 437, 449 (1998). The Washington test, like the *Utah Construction* test, considers whether the administrative body was acting within its jurisdiction when it made factual and legal determinations, it examines procedural differences between Washington courts and the administrative body, and adds policy considerations. *Id.*

As stated in the April 1, 2019, order (Dkt. 309), the test under both *Utah Construction* and Washington law are met. That reasoning is adopted here. The findings and decisions of the Pollution Control Hearings Board affirming Defendant Bellon's denial of the § 401 permit is entitled to preclusive effect.

Analysis of the same issue through the rules of collateral estoppel under Washington law is also appropriate. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000). Washington courts apply collateral estoppel to "(1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must

ORDER STAYING CASE - 3

have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied." *Sprague v. Spokane Valley Fire Dep't*, 189 Wn.2d 858, 899 (2018).

The Pollution Control Hearings Board's decisions affirming Defendant Bellon's denial of the § 401 permit is also entitled to preclusive effect under the doctrine of collateral estoppel. The issues are identical – the commerce clause constitutional claims raised here involve the propriety of the grounds for Bellon's denial on some of the same issues the board reviewed. The decision was a final judgment on the merits and Lighthouse and BNSF were parties or in privity with parties.

Further, as to the fourth element, the "injustice element," it "is rooted in procedural unfairness. Washington courts look to whether the parties to the earlier proceeding received a full and fair hearing on the issue in question." *Schibel v. Eymann*, 189 Wn.2d 93, 102 (2017). There is no showing that the proceeding before the board was anything but full and fair.

Accordingly, attacks on the Final Environmental Impact Statement would not be allowed at trial. Issues decided by the State Pollution Control Hearings Board would be precluded. For example, there can be no challenges to the State Pollution Control Hearings Board's decisions on issues 3, 4, 5,6, 7, 9, and 10, which are listed in the decision. This Court is not an appeal court for the State Pollution Control Hearings Board.

The key question in this case, starting with the rulings of the State Pollution Control Hearings Board, is whether the commerce clause was violated. What would be left for trial? If it is commerce clause issues only, there would be no attacks on, for example, the Pollution Control Hearings Board's finding that the Department of Ecology's denial of the §401 certificate was not arbitrary, capricious, or contrary to law (except, perhaps, contrary to the commerce clause), that

it was proper to include SEPA considerations in the §401 denial, and to include the words "with prejudice" in the denial. It is likely that the trial, as things stand now, would be marked by continued, and sharp, disagreements on admissibility of evidence with near constant comparisons of the State Pollution Control Hearings Board Order on summary judgment with proposed evidence.

An example can be seen at Page 32, lines 10 through 20, of Plaintiff Lighthouse Resources, et al., and Plaintiff-Intervenor BNSF's Combined Opposition to Defendants' and Defendant-Intervenor's Motions for Summary Judgment (Dkt. 262):

> **1. The evidence of Defendants' anti-coal bias precludes summary judgment on discriminatory purpose.**
>
> To begin with, the unfair and unprecedented nature of Defendants' actions towards the Terminal demonstrates that they discriminated in purpose against the specific type of interstate commerce—coal—that Lighthouse and BNSF intend to bring through the Terminal. For Ecology's entire existence, the agency had never used substantive SEPA to deny a permit or certification, denied a Section 401 water quality certification with prejudice, or used *any* of the reasons listed in the 401 Denial to deny a water quality certification. *See supra* at 13. After making this unprecedented, "death penalty" decision, Defendants doubled-down and, in another unprecedented move, informed Lighthouse that they would no longer process any of its permit applications. Dkt. 1-4; Ecology 30(b)(6) Dep. 128:19-129:23 (Robisch Decl., Ex. 44).

All of the evidence listed in the preceding paragraph has, arguably, been approved by the Pollution Control Hearings Board. What, if any, of the proposed evidence would be admissible, and for what purpose?

<u>Relief Available</u>

It is also apparent that the Court can not give the Plaintiffs and Intervenor-Plaintiff the broad relief that they request. This Court can't overlook, or void, all state environmental laws or decisions. Any relief would likely be narrowly drawn.

## Abstention

Where does abstention fit into this? The Order on Motion for Summary Judgment of the State Pollution Control Hearings Board (Dkt. 130-6) is on appeal to the Superior Court of the State of Washington; a motion requesting that the State Court of Appeals take direct review is pending; the Washington State Supreme Court may also review the actions of the lower courts. A different result may occur at each level. At the time of any federal trial, the federal court will be bound, by issue preclusion, to the most current decisions of the State Pollution Control Hearings Board or of state courts.

If the Court abstains and stays the case in order to allow the state courts to act – (1) the parties <u>may</u> not be bound by the State Pollution Control Hearings Board's ruling; (2) Plaintiffs <u>may</u> secure relief from state courts that enables them to process their permits; (3) Plaintiffs <u>may</u> secure relief from the state courts which is far more reaching than could be afforded here; (4) if the Plaintiffs lose in the state courts, they would still have an opportunity to proceed with commerce clause issues in federal court with state court findings of fact and conclusions of law as a beginning point, rather than those of the State Pollution Control Hearings Board.

The law regarding *Pullman* abstention was also in the prior order, but will be repeated here for ease of reference. "The *Pullman* abstention doctrine is a narrow exception to the district court's duty to decide cases properly before it. *Pullman* allows postponement of the exercise of federal jurisdiction when a federal constitutional issue might be mooted or presented in a different posture by a state court determination of pertinent state law." *Columbia Basin Apartment Ass'n v. City of Pasco,* 268 F.3d 791, 801 (9th Cir. 2001)(*internal quotation marks omitted*). "*Pullman* holds that 'federal courts should abstain from decisions when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional

question can be decided.'" *Id.* (*quoting Hawaii Housing Authority v. Midkiff,* 467 U.S. 229, 236 (1984)). "By abstaining in such cases, federal courts avoid both unnecessary adjudication of federal questions and needless friction with state policies." *Id.,* at 801-802. "Retention of jurisdiction, and not dismissal of the action, is the proper course" under *Pullman*. *Id.,* at 802.

In order to determine whether *Pullman* abstention is appropriate, courts in the Ninth Circuit use a three-part test:

> (1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open;
>
> (2) such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy; and
>
> (3) the possibly determinative issue of state law is doubtful.

*C–Y Dev. Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir.1983) (*internal quotation marks omitted*).

This case meets all three elements of the test. The Complaint touches on a sensitive area of social policy upon which this Court should not enter – a viable alternative is offered in the state courts. Further, a determination of whether the commerce clause was violated can be "plainly" avoided, depending on the degree to which Plaintiffs may prevail in the state courts. If the §401 denial is vacated, Plaintiffs could simply cease this litigation and proceed with efforts to satisfy environmental concerns. At least, the federal Constitutional questions "might be mooted or presented in a different posture by a state court determination of pertinent state law" (or facts). *Rollsman v City of Los Angeles*, 737 F.2d 830, 833 (9th Cir. 1984). Many of the state issues being raised, including whether the State has the authority to deny a permit with prejudice and whether the denial can be based on considerations other than water quality, are issues of first impression. The determination of the issues of state law are in doubt.

Moreover, in addition to the principles of comity raised by *Pullman*, considerations of judicial economy and the likelihood of inconsistent results favor temporary abstention. If this Court properly credits the State Pollution Control Hearings Board's decisions, holds a trial, and the State prevails in this Court, the state courts may later find that the State Pollution Control Hearings Board decision was in error, and remand the case for further consideration of the application. All the effort here would have been wasted – there would have been no need for this Court to consider a constitutional issue in trying to decide if the decision denying the permit should be vacated. Further, the state courts may be bound by findings of this Court in some manner. This may preclude a state court from finding that the State Pollution Control Hearings Board's decision was in error. Additionally, this Court may find that the State did not act improperly, but the state courts may come to a different conclusion, perhaps as it relates to the constitutional claims (due process and equal protection) that are currently pending in the state courts.

Accordingly, in consideration of all the above, this case **IS STAYED** pursuant to *Pullman* until after the state court proceedings are concluded. Within 30 days of the conclusion of the state court proceedings, the parties **SHALL FILE** a status report, informing the Court what, if anything, remains.

Further, the pending motions for summary judgment (Dkts. 211, 212, and 227 (filed in unredacted form at 224)) and the motions to exclude (Dkts. 230 and 232) **ARE STRICKEN,** to be renoted, if appropriate after conclusion of the state court proceedings. Further, any other motions and deadlines **ARE ALSO STRICKEN**.

**IT IS SO ORDERED**.

1  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2  to any party appearing *pro se* at said party's last known address.
3  Dated this 11th day of April, 2019.

*[signature]*

ROBERT J. BRYAN
United States District Judge