UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LIGHTHOUSE RESOURCES INC., et al.,<br><br>Plaintiffs,<br><br>and<br><br>BNSF RAILWAY COMPANY<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>JAY INSLEE, et al.,<br><br>Defendants,<br>and<br><br>WASHINGTON ENVIRONMENTAL COUNCIL, et al.,<br><br>Intervenor-Defendants. | CASE NO. 3:18-cv-05005-RJB<br><br>ORDER ON MOTION FOR ENTRY OF FINAL JUDGMENT UNDER FED. R. CIV. P. 54 (B) |

This matter comes before the Court on the Plaintiffs and Intervenor-Plaintiff's Protective Motion for Entry of Final Judgment under Fed. R. Civ. P. 54 (b).  Dkt. 327.  The Court has considered pleadings filed regarding the motion and the remaining record.

ORDER - 1

This case challenges the State's denial of a Clean Water Act Section 401 Certification and denial of request for approval of a sublease of state-owned aquatic lands for Plaintiffs' proposed coal export terminal.  In the pending motions, the Plaintiffs and Intervenor-Plaintiff[1] now move the Court for an order directing judgment be entered under Fed. R. Civ. P. 54 (b).  For the reasons provided below, the motion (Dkt. 327) should be denied.

## I.   FACTS

As is relevant to the pending motion, on October 23, 2018, the Defendants' motion for partial summary judgment was granted and all claims against Defendant Hilary Franz were dismissed as barred by the Eleventh Amendment.  Dkt. 170.  On December 11, 2018, Defendants' motion for partial summary judgment was granted and the Plaintiffs' preemption claims under the Interstate Commerce Commission Termination Act ("ICCTA") and the Ports and Waterways Safety Act ("PWSA") were dismissed.  Dkt. 200.

On April 11, 2019, the undersigned determined that temporary abstention was appropriate, and the case was stayed pursuant to *Railroad Commission of Texas v. Pullman,* 312 U.S. 496 (1941).  Dkt. 326.  The Court found that "in addition to the principles of comity raised by *Pullman,* considerations of judicial economy and the likelihood of inconsistent results favor temporary abstention."  Dkt. 326, at 8.  The Plaintiffs filed a notice of appeal on May 10, 2019.  Dkts. 329 and 331.

The Plaintiffs now move the Court to direct entry of a final judgment on the October 23, 2018 Order on Defendant Hilary Franz's Motion for Summary Judgment under the Eleventh Amendment (Dkt. 170) and on the December 11, 2018 Order on Defendants' and Intervenor-Defendants' Motions for Partial Summary Judgment (Dkt. 200).  Dkt. 327.

---

[1] References herein to Plaintiff includes the Intervenor-Plaintiff.

ORDER ON MOTION FOR ENTRY OF FINAL JUDGMENT UNDER FED. R. CIV. P. 54 (B) ORDER - 2

## II. DISCUSSION

Fed. R. Civ. P. 54 (b), "Judgment on Multiple Claims or Involving Multiple Parties," provides,

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Rule 54 (b) allows a district court in appropriate circumstances to enter judgment on one or more claims while others remain unadjudicated." *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018). "[T]he district court first must render an ultimate disposition of an individual claim. The court then must find that there is no just reason for delaying judgment on this claim." *Id.*

### A. DISPOSITION OF AN INDIVIDUAL CLAIM

The first requirement – ultimate disposition of an individual claim – is met as to both orders. All claims were dismissed against Hilary Franz in the October 2018 order and the preemption claims were all dismissed in the December 11, 2018 order on the partial motion for summary judgment.

### B. NO JUST REASON FOR DELAY

The second requirement – no just reason for delay - is not met. "In deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)(*internal citations omitted*).

1. Judicial Administrative Interests

Consideration of the judicial administrative interests "is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Curtiss-Wright,* at 8 (*internal quotation marks and citations omitted*).  In regard to judicial administrative interests, district courts should consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

Directing entry of a final judgment on the two orders, at this time, would increase the likelihood of piecemeal appeals.  If the Ninth Circuit determines that the order temporarily staying this case is non-final and unappealable, certification of these two orders would mean that the appeal on them would go forward while the appeal on the stay (and stayed claims) would not.  Some of the issues underlying the partial summary judgment order on preemption and the order dismissing Hilary Franz are the same, or are related to, other issues in the case, such that they may not be as easily separable as Plaintiffs maintain.  Moreover, it is not clear that "no appeallate court would have to decide the same issues more than once" if there were subsequent appeals. *Curtiss-Wright,* at 8.  Judicial administrative interests counsel against certifying these orders for immediate appeal.

2. Equities

The equities also do not favor certifying the orders as final.  The issues raised in this case are complex and involve extensive state proceedings.  The disputes of whether the State should have issued the Clean Water Act Section 401 Certification and whether the sublease of state-owned aquatic lands should have been approved have been ongoing for years.  The Plaintiffs assert that

they would be prejudiced if the Court does not finalize these two orders on summary judgment. The Defendants maintain that they would be prejudiced if the Court does. Certifying these orders as final only further complicates matters. Considering the shifting sands upon which this case sits, the Court should decline to certify the October 23, 2018 Order on Defendant Hilary Franz's Motion for Summary Judgment under the Eleventh Amendment (Dkt. 170) and the December 11, 2018 Order on Defendants' and Intervenor-Defendants' Motions for Partial Summary Judgment (Dkt. 200) as final under Rule 54 (b).

### III.  ORDER

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of May, 2019.

ROBERT J. BRYAN
United States District Judge